UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| CARLOS PERRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:18-CV-287-HBG |
| | ) | |
| STATE FARM INSURANCE CO., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636(c), Rule 73 of the Federal Rules of Civil Procedure, and the consent of the parties, for all further proceedings, including entry of judgment [Doc. 11].

Now before the Court is Defendant's Motion to Dismiss for Failure to Prosecute [Doc. 46]. Plaintiff has responded in opposition to the Motion [Doc. 48]. The Court has considered the parties' arguments, and the Court finds Defendants' request [**Doc. 46**] not well taken, and it is **DENIED**.

### I. BACKGROUND

By way of background, on December 4, 2019, the Court received a filing purportedly from Plaintiff stating that he had retained counsel in this case. In addition, he requested a continuance so that his counsel could become familiar with the case. On December 16, 2019, the Court granted [Doc. 45] Plaintiff's request and provided him until March 6, 2020, to retain counsel. The Court directed Plaintiff's counsel to file a notice of appearance by that date. Nothing was filed on March 6, 2020. On March 10, 2020, Defendant filed the instant Motion. Subsequently, on March 13, 2020, the Court entered an Order [Doc. 47], deeming Plaintiff to be proceeding pro se.

## II. ANALYSIS

Defendant requests [Doc. 46] that the Court dismiss this case pursuant to Federal Rule of Civil Procedure 41 for failing to prosecute. Defendant states that Plaintiff failed to (1) hire counsel, (2) notify the Court that he intends to proceed pro se, or (3) take any other action in order to prosecute this case.

Plaintiff responds [Doc. 48] that he did not file a motion requesting a continuance and that while he was in discussions with a law firm regarding his case, someone in the law firm filed the motion requesting a continuance without his knowledge. Plaintiff claims that another inmate, who was assisting with this case, was behind the filing of the motion requesting a continuance. Plaintiff requests that he be permitted to proceed pro se and that the Court set a trial date.

Rule 41 provides, "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Such a dismissal is "deemed a sanction for disobedience[.]" *Harris v. Unique Auto., Inc.*, 293 F. Supp. 3d 757, 759 (M.D. Tenn. 2018) (quoting *Edwards v. Marin Park, Inc.,* 356 F.3d 1058, 1065 (9th Cir. 2004)). Dismissal for failure to prosecute is a "harsh sanction which the court should order only in extreme situations showing a clear record of contumacious conduct by the plaintiff." *Id.* (quoting *Schafer v. City of Defiance Police Dep't,* 529 F.3d 731, 736 (6th Cir. 2008)). The Sixth Circuit has identified four factors to evaluate a district court's dismissal for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal of the action.

2

Case 3:18-cv-00287-HBG   Document 49   Filed 04/24/20   Page 2 of 3   PageID #: 131

*Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) (quoting *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 589 (6th Cir. 2001)).

The Court has considered the parties' arguments along with the circumstances of this case. The Court does not find that dismissing this case for failure to prosecute is warranted. The Court's Order directed that Plaintiff's counsel file a notice of appearance on or before March 6, 2020. Plaintiff, however, did not retain counsel. While the Court **ADMONISHES** Plaintiff for not bringing the circumstances outlined in his response to the Court's attention earlier, the Court does not find the harsh sanction of dismissing this case to be appropriate.

### III. CONCLUSION

Accordingly, for the reasons explained above, Defendant's Motion to Dismiss for Failure to Prosecute [**Doc. 46**] is **DENIED**. The Court will enter an Amended Scheduling Order.

**IT IS SO ORDERED.**

ENTER:

Bruce Guyton
United States Magistrate Judge

3

Case 3:18-cv-00287-HBG   Document 49   Filed 04/24/20   Page 3 of 3   PageID #: 132